UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MAISON KITSUNE, INC.,

                  Plaintiff,

                  v.

VINOD KASTURI,

                  Defendant.
------------------------------------------------------------------x

                              **COMPLAINT**

                              **JURY TRIAL
DEMANDED**

Plaintiff MAISON KITSUNE, INC. (the "Plaintiff"), by and through its attorneys, Mueller Law Group and The DuPont Law Group, PLLC, for its Complaint against defendant VINOD KASTURI (the "Defendant") hereby alleges as follows:

## NATURE OF THE CASE

1. This case is brought by Plaintiff, a New York domestic business corporation which, from September 5, 2016 until March 28, 2024, employed Defendant as Chief Executive Officer, President, and/or Treasury on both full and part-time bases. Following an internal audit, it was revealed that Defendant improperly misappropriated corporate funds by, inter alia, improperly continuing to compensate himself on a full-time salary at a time towards the end of his time with Plaintiff when he was only working part-time and the use of corporate assets to pay for personal legal fees, including to pay legal fees for actions taken by Defendant against Plaintiff and related entities. Defendant's actions, as uncovered in the audit, reveal a pattern of acts of dishonesty by Defendant during his time as a high-ranking corporate offer of Plaintiff. Defendant, in undertaking the acts of dishonesty detailed herein, acted in complete contravention of the duty of care, duty of loyalty, and all fiduciary duties that he owed Plaintiff.  Defendant was accordingly

1

terminated from his employment by way of a March 28, 2024 letter. The instant action follows for the recovery of the corporate funds that Defendant misappropriated prior to his termination, and related damages.

## THE PARTIES

2.      Plaintiff is a New York domestic corporation which, from September 5, 2016 through March 28, 2024 variously employed Defendant on either a full-time or part-time basis as its Chief Executive Officer, President, and/or Treasurer.

3.      Defendant is an individual who, at substantially all of the relevant times, was a resident of the State of New York, County of New York.  From September 5, 2016 through March 28, 2024 he was variously employed by Plaintiff, on either a full-time or part-time basis, as its Chief Executive Officer, President, and/or Treasurer.  Towards the very end of his employment with Plaintiff, Defendant was and, upon information and belief, currently is a resident of the State of California, County of Los Angeles, City of Los Angeles where he moved without asking Plaintiff beforehand.

## JURISDICTION, VENUE, AND STANDING

4.      This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the Parties as Plaintiff is a New York domestic corporation and Defendant is a resident of the State of California.

5.      Personal jurisdiction if proper over Defendant in this district pursuant to C.P.L.R. § 302(a)(2) and 302(a)(3), and Federal Rule of Civil Procedure 4(k) as Defendant, by way of his living in New York County during a majority of the time that he was

employed by Defendant, committed tortious acts both within and outside of the State of New York, County of New York.

6.    Venue is proper in the Southern District of New York pursuant to both 28 U.S.C. § 1391 (b)(2), as a substantial part of the events or omissions giving rise to the instant matter occurred in the County of New York, State of New York, City of New York.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### Defendant's Work History with Plaintiff and Related Entities

7.    In September 5, 2016, Defendant was initially employed  Plaintiff .

8.    Defendant was appointed as President of Plaintiff on March 17, 2017.

9.    On or about March 29, 2019, Defendant was appointed President of affiliated non-party Café Kitsune, Inc.

10.    On or about March 24, 2023, Defendant was appointed as Treasurer of Plaintiff.

11.    Defendant was appointed as non-party Café Kitsune, Inc. on February 27, 2024.

### Defendant's Overpayment

12.    On June 2, 2023, Defendant started working part-time for Plaintiff after accepting a new position with another company. At that point in time, Plaintiff's then-current salary was to have been reduced to two-fifths (2/5) as a result of his only working part-time, and specifically only two (2) days a week, or the equivalent of Ninety Thousand U.S. Dollars ($90,000.00 U.S.) gross per year.

13.     As of June 2, 2023, Defendant, despite his part-time status, was still the person responsible for approving Plaintiff's payroll and should have adjusted his salary accordingly as soon as he switched to a part-time status.

14.     Defendant, however, instead received at least thirty-five (35) pay stubs during the period between June 2, 2023 and his termination where he instead continued to receive his full-time salary.

15.     Defendant, in sum, had at least 35 different pay periods in which he could have notified Plaintiff about the over-payments and adjusted the payroll to reflect his part-time status.

16.     Defendant's failure to notice the error upon his receipt of the at least 35 payments and/or his failure to notify Plaintiff of the same alternatively constitutes either acts of gross negligence by Defendant in his duties, or otherwise a serious and sustained breach of his fiduciary duties to Plaintiff over a nine (9) month period.

17.     Defendant's inaction and/or action as to the final 35 payments that he received from Plaintiff after going part-time were discovered only after Plaintiff conducted an internal accounting audit of itself which laid bare the improper payments to Defendant.

18.     Despite Defendant being made aware by Plaintiff, in writing, that he improperly received these payments based on his change from full-time to part-time status, Defendant has nonetheless retained the entirety of the payments as of the date of this Complaint despite initially being informed, through legal counsel, of the impropriety of the payments on February 12, 2023.

19.    The salary overpayment was in an amount equal to One Hundred and Sixteen Thousand Three Hundred and Seven Dollars and Eighty-Three Cents gross per year ($116,307.83 U.S.).

**Defendant's Use of Plaintiff's Corporate Assets for Personal Use**

20.    Around the same time that Plaintiff discovered the multi-month overpayment of Defendant's salary at a time when Defendant himself was responsible for approving Plaintiff's payroll, Plaintiff also discovered that Defendant had submitted seven (7) invoices for legal services in 2022 from non-party Foley Hoag LLP for payment by Plaintiff in the aggregate amount of Twenty Thousand Seventy-Seven U.S. Dollars and Seventy-Five Cents  ($20,077.75 U.S.)

21.    The invoices arose from Foley Hoag LLP's work for Defendant in connection with his "employment separation," the "review of [an] employment agreement," and the "review of [non-party] After Market's comment to secured parties[,]" all of which were legal matters personal to Defendant, and not for anything related to Plaintiff's business.  Indeed, these aforementioned charges were expressly accrued by Foley Hoag LLP for legal work that was averse to the interests of Plaintiff, as it was done in preparation for Defendant's departure from Plaintiff's employ.  .

22.    Plaintiff further discovered that Defendant had submitted to Plaintiff's accountant for payment, and that Plaintiff had thus paid to his private attorneys, a total of nine (9) invoices from Foley Hoag LLP representing an aggregate amount of Fifty- Nine Thousand Five Hundred and Twenty-Three U.S. Dollars and Seventy-Five Cents ($59,523.75 U.S.) from the period between July 1, 2023 to January 31, 2024.  As with the

other invoices itemized above, the paid invoices were for matters wholly personally to Defendant and/or averse to Plaintiff.

23. In sum, Defendant was improperly paid, and inappropriately retained excess payment in the amount of $116,307.83 U.S., on the one hand, while also using Plaintiff's money to pay $59, 523.75U.S. in personal legal bills on the other.

24. Based on the foregoing, Defendant was terminated, effective March 28, 2024, and had all of his positions as an officer of manager of all entities of the Kitsune group in the United States and Canada immediately revoked including, inter alia, Plaintiff, Café Kitsune, Inc., CK Hudson LLC, Maison Kitsune Lafayette LLC, Maison Kitsune Canada ULC, and Café Kitsune Canada ULC.

25. As of the date of this Complaint, Defendant has not recompensed Plaintiff for either the excess payment of $116,307.83 U.S. or for the misappropriated amount of $59, 523.75 U.S. despite written notice of the same.

26. As of the date of this Complaint, Defendant has not recompensed Plaintiff in the total amount of One Hundred and Seventy-Five Thousand Eight Hundred and Thirty-One U.S. Dollars and Fifty Eight Cents ($175,831.58 U.S.). despite written notice of the same.

### FIRST CAUSE OF ACTION
### (BREACH OF FIDUCIARY DUTY)

27. Plaintiff repeats and realleges each and every allegation in the proceeding paragraphs as if fully set forth hereat.

28. Pursuant to his positions as Chief Executive Officer, President, and/or Treasurer of Plaintiff, Defendant owed a fiduciary duty and other legal duties to Plaintiff.

29.     The fiduciary duties included, but are not limited to, a duty of trust, good faith, fair dealing, and loyalty.

30.     As a result of Defendant's numerous wrongful actions, as detailed above and as otherwise set forth in this Complaint, Defendant has breached his fiduciary duties to Plaintiff.

31.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained appreciable economic injury for which it is entitled to recompense in an amount to be determined by the Court, but in no event less than  $175, 831.58 U.S. plus interest and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
### (CONVERSION)

32.     Plaintiff repeats and realleges each and every allegation in the proceeding paragraphs as if fully set forth hereat.

33.     At all relevant times, Plaintiff was the rightful owner of its assets and property, including its bank, and other, accounts and the money held therein.

34.     As such, Plaintiff has been, and continues to be, entitled to the immediate possession of such assets.

35.     As alleged above, Defendant, acting on his own behalf and for his own personal gain, and while having full access and decision-making ability over Plaintiff's payroll, converted Plaintiff's assets, including the money from its bank, and other accounts.

36.     The conversion was for his own personal gain and benefit.

37.     Defendant intentionally and unlawfully exercised ownership, dominion, and control over certain of Plaintiff's assets, in denial and repudiation of Plaintiff's rights thereto.

38.     By reason of the foregoing, Plaintiff has been injured and continues to be injured.

39.     As a direct and proximate result of these wrongful actions, Plaintiff has sustained appreciable economic injury for which it is entitled to recompense.

40.     Plaintiff is further entitled to the return of any assets wrongfully converted, including an amount in no event less than $175, 831.58 U.S. plus interest and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION
## (BREACH OF CONTRACT)

41.     Plaintiff repeats and realleges each and every allegation in the proceeding paragraphs as if fully set forth hereat.

42.     Parties entered into an  agreement with each other by way of a series of emails confirming the material terms of Defendant's employment between September 5, 2016 and his termination on March 28, 2024.  Pursuant to the Agreement, Defendant undertook certain obligations and assumed certain duties, including fiduciary, and other, legal duties to Plaintiff.

43.     These obligations and duties included, but were not limited to, express and implied obligations to exclusively work for the benefit of Plaintiff, to comply with all applicable laws and fiduciary duties, to not steal of divert Plaintiff's assets, to not misuse Plaintiff's assets, and to comply with all other conditions and obligations of the Agreement, and any amendments made thereto at any time.

44.    Despite the aforementioned contractual obligations, Defendant repeatedly breached his contractual obligations in numerous ways as set forth throughout the Complaint, as well as by fraudulently concealing his conducting, disrupting the finances of Plaintiff, and failing to fulfill other contractual obligations.

45.    As a result of Defendant's breaches of his obligations to Plaintiff, Plaintiff sustained appreciable economic injury.

46.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained appreciable economic injury for which it is entitled to recompense in an amount to be determined by the Court, but in no event less than $175,831.58 U.S. plus interest and reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION
## (UNJUST ENRICHMENT)

47.    Plaintiff repeats and realleges each and every allegation in the proceeding paragraphs as if fully set forth hereat.

48.    Defendant has received, utilized, misappropriated, and/or other taken money under circumstances requiring him to repay the amounts due and owing to Plaintiff. This includes excess salary already paid to Defendant and legal fees paid by Plaintiff for Defendant's personal legal needs.

49.    As a direct and proximate result of Defendant's failure to return and repay the money received, Plaintiff has been damaged and Defendant has been unjustly enriched.

50.    Equity and good conscience require that Defendant reimburse Plaintiff for the money wrongfully obtained and/or utilized by him, as detailed in this Complaint.

51.     To allow Defendant to keep the money detailed herein would unjustly enrich him to the appreciable financial detriment of Plaintiff.

52.     Based on the foregoing, Plaintiff has sustained appreciable economic injury for which it is entitled to recompense in an amount to be determined by the Court, but in no event less than $175,831.58 U.S. plus interest and reasonable attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant: on the First Cause of Action, awarding Plaintiff compensatory damages in an amount to be determined at trial, but in no event less than One Hundred and Seventy-Five Thousand Eight Hundred and Thirty-One U.S. Dollars and Fifty Eight Cents ($175,831.58 U.S.). plus interest and reasonable attorneys' fees; on the Second Cause of Action, awarding Plaintiff compensatory damages in an amount to be determined at trial, but in no event less than One Hundred and Seventy-Five Thousand Eight Hundred and Thirty-One U.S. Dollars and Fifty Eight Cents ($175,831.58 U.S.). plus interest and reasonable attorneys' fees; on the Third Cause of Action, awarding Plaintiff compensatory damages in an amount to be determined at trial, but in no event less than One Hundred and Seventy-Five Thousand Eight Hundred and Thirty-One U.S. Dollars and Fifty Eight Cents ($175,831.58 U.S.). plus interest and reasonable attorneys' fees, and on the Fourth Cause of Action, awarding Plaintiff compensatory damages in an amount to be determined at trial, but in no event less than One Hundred and Seventy-Five Thousand Eight Hundred and Thirty-One U.S. Dollars and Fifty Eight Cents ($175,831.58 U.S.). plus interest and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims alleged herein.

Dated: New York, New York
       June 10, 2024

**MUELLER LAW GROUP**

*/s/ Paul S. Haberman*

By: _____

PAUL S. HABERMAN, Of Counsel
Attorneys for Plaintiff
19 Engle Street, Tenafly, New Jersey 07670 (All Mail)
88 Pine Street, 22nd Floor, New York, New York 10005
(201) 564-0590: Phone
phaberman@muellerfirm.com: E-Mail

**THE DUPONT LAW GROUP, PLLC**

**/s/**

By: _____

Olivier DuPont, Principal/Owner
Attorneys for Plaintiff
11 Broadway
New York, New York 10004
(866) 611-9756: Phone
odupont@dupontlawgroup.com: Email

11