# MUELLER HABERMAN LAW GROUP



GREGORY K. MUELLER *
PAUL HABERMAN **
NEDA K. MOHEBBI
BENJAMIN SUESS *
MICHAEL WHALEN *

OF COUNSEL:
RAPHAEL G. JACOBS
ALLEN M. BELL
ELLIOTT MALONE *
PAUL I. PERKINS *+
MARIANNA MOLIVER *
BRIAN K. LAROCHE

WALL STREET PLAZA
88 PINE STREET
22ND FLOOR
NEW YORK, NEW YORK  10005
(212) 995-5445

19 ENGLE STREET
TENAFLY, NEW JERSEY  07670
(201) 567-4969
FAX (201) 567-4793

\*       MEMBER OF NJ & NY BARS
\*\*    MEMBER OF NJ, NY & CT BARS
+ CERTIFIED CIVIL TRIAL ATTORNEY

October 31, 2024

**VIA ECF**
The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

   **Re: Maison Kitsune, Inc. v. Kasturi (Docket No. 24-cv-04431-ALC)**

Your Honor:

  We represent plaintiff Maison Kitsune, Inc. (the "Plaintiff") in the above-referenced matter.  In response to Defendant's earlier letter (D.E. No. 21), please be assured that any perceived failure to follow Your Honor's Individual Practices was done in good faith in the context of the September 17, 2024 so-ordered request for an extension of time to answer the Counterclaims (D.E. No. 18).  Within same, Plaintiff only gave itself (and then appeared to receive from the Court by endorsement) the option to either "answer, or otherwise move, as to" the Counterclaims by October 24, 2024.  Plaintiff thus did not wish to hazard going astray of the new deadline by simply submitting a request for a pre-motion conference come October 24, 2024, but no motion, despite the Individual Rules, given the contours of the endorsed letter.

  To the extent that the Court will still require a request for a pre-motion conference, please consider this letter a formal request for the same.  The basis of the motion is that the Counterclaims should be dismissed pursuant to principles of international comity and the "prior pending action" doctrine since an action concerning the equity issues raised in the Counterclaims was previously filed in the Commercial Court of Paris by third-party defendant Kitsune Creative SAS. Specifically, as discussed in the motion as filed: (i) the parties in the French action and the equity counterclaims are substantially the same; (ii) the issues in the French action and the equity counterclaims are substantially similar, if not identical; (iii) the interest in judicial economy favors dismissing the equity counterclaims in favor of the Commercial Court of Paris; (iv) The French action was filed three (3) months before Defendant's equity counterclaims; (v) the Commercial Court of Paris is the most adequate forum in which the litigate the equity counterclaims; (vi) the

1

Commercial Court of Paris and the Southern District of New York are similarly convenient to the Parties; and (vii) there would be prejudice to Plaintiff (the movant on the motion) if the equity counterclaims are heard in the instant matter rather than in the Commercial Court of Paris, as the equity counterclaims deal with decidedly different issues that require more discovery than Plaintiff's claims and the employment of experts to determine compensation.

It is further respectfully requested that, rather than compelling the withdrawal of the motion if a pre-motion conference is to go forward first, that the opposition/reply dates of the motion simply be adjourned until an appropriate time after a scheduled pre-motion conference. Relatedly, if the dates provided in the Notice of Motion for opposition are deemed inappropriate, or otherwise unfavorable, to the Court for any reason, Plaintiff would be happy to work out a mutually agreeable briefing schedule with Defendant, as per Defendant's suggestion.

Thank you in advance for your consideration of this letter and the issues raised therein. My apologies for any failures as to the following of Your Honor's Individual Practices in the context of the situation described above.
.

Respectfully Submitted,

/s/ Paul S. Haberman

_____

Paul S. Haberman

CC:      All Counsel (VIA ECF)

2