**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MAISON KITSUNE, INC.,

                          Plaintiff,

        -against-

VINOD KASTURI,

                          Defendant.

VINOD KASTURI,

                          Counterclaimant and
                          Third-Party Plaintiff,

        -against-

MAISON KITSUNE, INC, and KITSUNE
CREATIVE SAS,

                          Counterclaim and Third-
                          Party Defendants.

Case No. 1:24-cv-04431-ALC

## DECLARATION OF PHILIPPE ROUSSEAU IN OPPOSITION OF PLAINTIFF/COUNTER-DEFENDANT MAISON KITSUNE, INC'S MOTION TO DISMISS COUNTERCLAIMS

1.      I am a member of the Paris Bar. I am a partner of Foley Hoag Paris. In this capacity, I have personal knowledge of the facts stated below.

2.      I submit this Declaration in response to the Declaration of Alexandre Meyniel submitted by Plaintiff, Maison Kitsune Inc. ("Maison Kitsune"), in support of the motion to dismiss or stay certain Counterclaims asserted by Vinod Kasturi ("Kasturi"). Specifically, Mr. Meyniel makes a representation to the Court that suggests Kasturi is not challenging the French Court's jurisdiction over an action commenced by third-party defendant, Kitsune Creative SAS.

68201/0001-48843220v1

That is not the case, and this Declaration seeks to clarify the procedural posture of the French proceedings.

3.     A court proceeding was commenced on June 5, 2024, before the Paris Commercial Court by Kitsune Creative SAS, against Kasturi seeking to declare that Kasturi is not entitled to any equity of Kitsune Creative SAS. (the "**Paris Commercial Court Proceeding**").

4.     The summons to appear before the Paris Commercial Court served upon Kasturi specifies a date for a first procedural hearing, which is the October 24, 2024 hearing referenced in Mr. Meyniel's Declaration at Paragraph 4.

5.     However, this procedural is not a date on which the case can be pleaded, or on which substantive defenses are raised.

6.     In fact, it is the date of an initial hearing before the Commercial Court, known in Paris as a "case management hearing" ("*audience de placement*").

7.     The purpose of the case management hearing was for me to inform the Paris Commercial Court that I am Kasturi 's counsel.

8.     During the case management hearing, the case is adjourned to a subsequent hearing. This gives plaintiff's counsel time to communicate its exhibits and, if he/she has already done so, to allow the defendant's counsel to file his/her responsive written pleadings.    There is no expectation Kasturi would have asserted any defenses, including a jurisdictional defense, at this first procedural hearing.

9.     It is, therefore, misleading for Mr. Meyniel to state that "at this [October 24, 2024] procedural hearing, Defendant did not submit a pleading to dispute the jurisdiction of the French Proceeding." (4) As Mr. Meyniel is doubtlessly aware, I did not have the opportunity to submit a pleading disputing the jurisdiction of the Paris Commercial Court Proceeding during the October

2

24, 2024 hearing, as the purpose of that hearing was entirely ministerial. It was not the appropriate forum in which to dispute jurisdiction.

10.     Indeed, all that happened at the October 24, 2024 case management hearing was the Commercial Court adjourning the hearing to December 18, 2024 to enable me to file substantive submissions on behalf of Kasturi in advance of the December 18 hearing.

11.     I confirm that at this hearing on December 18, 2024, I will file written pleadings in which I will request the Paris Commercial Court to declare itself incompetent and the improper venue for the resolution of Kasturi's entitlement to the equity grant from his former employer, Maison Kitsune.

12.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 20, 2024
        Paris, France

PHILIPPE ROUSSEAU

3