# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MAISON KITSUNE, INC.,

        Docket No. 24-cv-04431 (ALC)

        Plaintiff,

        v.

VINOD KASTURI,

        Defendant.
-----------------------------------------------------------------x

VINOD KASTURI,

        Counterclaimant and
        Third-Party Plaintiff,

        v.

        **SECOND DECLARATION OF**
        **ALEXANDRE MEYNIEL**

MAISON KITSUNE, INC. and KITSUNE
CREATIVE SAS,

        Counterclaim and
        Third-Party Defendants.

-----------------------------------------------------------------x

I, Alexandre Meyniel, Member of the Paris Bar, make this declaration in support of Plaintiff/Counter-Defendant Maison Kitsune, Inc.'s reply to Defendant's opposition to Plaintiff/Counter-Defendant's motion to dismiss or stay the proceeding.

1. In his declaration in support of Defendant's opposition, Defendant's French attorney Philippe Rousseau states that "*it was misleading*" for me to state at paragraph 4 of my first declaration dated October 24, 2024 ("**First Declaration**") that "*[a]t this procedural hearing, Defendant did not submit a pleading to dispute the jurisdiction of the French Proceeding.*" Mr. Rousseau goes on to state that:

> As Mr. Meyniel is doubtlessly aware, I did not have the opportunity to submit a pleading disputing the jurisdiction of the Paris Commercial Court Proceeding during the October 24, 2024 hearing, as the purpose of that hearing was entirely ministerial. It was not the appropriate forum in which to dispute jurisdiction.
>
> Indeed, all that happened at the October 24, 2024 case management hearing was the Commercial Court adjourning the hearing to December 18, 2024 to enable me to file substantive submissions on behalf of Kasturi in advance of the December 18 hearing.
>
> I confirm that at this hearing on December 18, 2024, I will file

1

> written pleadings in which I will request the Paris Commercial
> Court to declare itself incompetent and the improper venue for
> the resolution of Kasturi's entitlement to the equity grant from
> his former employer, Maison Kitsune."

2. Mr. Rousseau's statement that the hearing of October 24 "*was not the appropriate forum in which to dispute jurisdiction*" is erroneous and is misleading this Court.

3. First and foremost, the Paris Commercial Court and no other court is the appropriate forum before which one party should dispute jurisdiction.

4. Second, no rules prohibit or preclude a party from communicating its submissions to the other party *at any time* before a hearing in a case before a French commercial court. Contrary to what Mr. Rousseau states, one party need not await a procedural hearing to transmit his intent to dispute the jurisdiction of the court. As a matter of practice, parties customarily exchange their briefs *before* a hearing and then later have such briefs formally acknowledged by the court at the next procedural hearing.

5. As a result and contrary to his own statement, Defendant's French counsel could have disputed the jurisdiction of the Paris Commercial Court at *any time* upon receipt of the service of the Kitsuné Creative's complaint on June 3, 2024, or at the very least following his access to all of the exhibits accompanying the complaint which he received on October 3, 2024. Defendant's French counsel could have also disputed the jurisdiction of the Paris Commercial Court at the hearing or before the hearing of October 24, 2024. The fact that he did not raise the jurisdictional issue at any point in time, most fortuitously now for the purposes of his client's opposition papers in the U.S. proceeding, raises some eyebrows to say the least.

6. The statement in paragraph 4 of our First Declaration was therefore correct and not misleading.

7. In his Declaration of November 20, 2024, Defendant's French counsel informed this Court that he intends to "*request the Paris Commercial Court to declare itself incompetent and the improper venue for the resolution of Kasturi's entitlement to the equity grant from his former employer, Maison Kitsune.*" Rousseau Decl., ¶11.

8. As of today, Defendant's French counsel has still not communicated a brief in which he intends to dispute the jurisdiction of the Paris Commercial Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am physically located outside the geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands, and any territory or insular possession subject to the jurisdiction of the United States.

Made in Paris, this 5th day of December 2024

_____

Alexandre Meyniel

2