# MUELLER HABERMAN LAW GROUP



GREGORY K. MUELLER *
PAUL HABERMAN **
NEDA K. MOHEBBI
MICHAEL WHALEN *

OF COUNSEL:
BENJAMIN SUESS *
RAPHAEL G. JACOBS
ALLEN M. BELL
PAUL I. PERKINS *+
MARIANNA MOLIVER *
BRIAN K. LAROCHE

19 ENGLE STREET
TENAFLY, NEW JERSEY 07670
(201) 567-4969
FAX (201) 567-4793

WALL STREET PLAZA
88 PINE STREET
22ND FLOOR
NEW YORK, NEW YORK 10005
(212) 995-5445

*       MEMBER OF NJ & NY BARS
**     MEMBER OF NJ, NY & CT BARS
+ CERTIFIED CIVIL TRIAL ATTORNEY

February 11, 2025

**VIA ECF**
The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

> **Re:    Maison Kitsune, Inc. v. Kasturi (Docket No. 24-cv-04431-ALC)**

Your Honor:

We represent plaintiff Maison Kitsune, Inc. (the "Plaintiff") and third-party defendant Kitsune Creative S.A.S. (the "Third-Party Defendant") in the above-referenced matter. Pursuant to Section 2(A) of Your Honor's Individual Practices, please accept this letter as a request for an informal conference with the Court before the filing of a motion to dismiss defendant Vinod Kasturi's Third-Party Complaint (D.E. No. 14) as to Third-Party Defendant. For the purpose of brevity, please be advised that we anticipate to move on behalf of Third-Party Defendant on appreciably similar grounds to those that Plaintiff raised in its own motion to dismiss/stay, which is now fully briefed and pending before the Court (D.E. Nos. 20, 25, 27).

In particular, with the argument modified to be particular to Third-Party Defendant, we expect to argue that the Third-Party Complaint should be dismissed pursuant to the principles of international comity and the "Prior Pending Action Doctrine," as defendant Vinod Kasturi is currently engaged in litigation with Third-Party Defendant in the Commercial Court of Paris as to substantially similar issues (the "French Complaint"). In analyzing the various elements of a Prior Pending Action Doctrine application, we are prepared to argue (as already argued in the pending motion) that:

(i)     The issues in the French Complaint and the equity-based counterclaims in the Third-Party Complaint are substantially similar, if not identical;

(ii)    The interest of judicial economy favors dismissing the equity claims in favor of the French Complaint;

(iii)   Third-Party Defendant's action in France was filed three (3) months before the Third-Party Complaint;

(iv)    The Commercial Court of Paris is the most adequate forum in which to litigate the equity claims;

(v)     The Commercial Court of Paris and the Southern District of New York are similarly convenient to the Parties. Of note as to this particular argument, Third-Party Defendant does not actually conduct business in the United States/ Southern District of New York in the first instance;

(vi)    There would be prejudice to Third-Party Defendant if the equity claims in the Third-Party Complaint are heard in the instant matter rather than in the Commercial Court of Paris; and

(vii)   The totality of the circumstances are sufficiently exceptional, especially as Third-Party Defendant does not conduct business in the United States, in order to favor abstentation as to the equity claims in the Third-Party Complaint.

For reasons similar to some of those alluded to above, we also intend to move on behalf of Third-Party Defendant on the ground of lack of personal jurisdiction over the same. Without getting into a complete jurisdictional analysis herein, the filings to date reflect that Third-Party Defendant did nothing more to avail itself of this Court, or any of the courts and laws of the United States, than purportedly become the subject of an employment agreement that was never signed between Plaintiff and defendant Vinod Kasturi wherein Kasturi would get stock/equity/an incentive plan in Third-Party Defendant. As discussed within the prior motion, this claim does not pass muster, as the claim is essentially that, even if true, Plaintiff, as a subsidiary of Third-Party Defendant, could somehow pledge/ negotiate to pledge an interest in its parent company within an employment agreement when the parent company itself was not a party to any incarnation of said agreement. At the same time, Third-Party Defendant itself does not conduct business in the United States, but rather in France.

Thank you in advance for your consideration of this letter and the issues raised therein.

Respectfully Submitted,

/s/ Paul S. Haberman

_____
Paul S. Haberman

CC:    All Counsel (VIA ECF)