# MUELLER HABERMAN LAW GROUP



GREGORY K. MUELLER *
PAUL HABERMAN **
NEDA K. MOHEBBI
MICHAEL WHALEN *

OF COUNSEL:
BENJAMIN SUESS *
RAPHAEL G. JACOBS
ALLEN M. BELL
PAUL I. PERKINS *+
MARIANNA MOLIVER *
BRIAN K. LAROCHE

19 ENGLE STREET
TENAFLY, NEW JERSEY  07670
(201) 567-4969
FAX (201) 567-4793

WALL STREET PLAZA
88 PINE STREET
22ND FLOOR
NEW YORK, NEW YORK  10005
(212) 995-5445

*       MEMBER OF NJ & NY BARS
**     MEMBER OF NJ, NY & CT BARS
+ CERTIFIED CIVIL TRIAL ATTORNEY

February 19, 2025

**VIA ECF**
The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

> **Re:    Maison Kitsune, Inc. v. Kasturi (Docket No. 24-cv-04431-ALC)**

Your Honor:

We represent plaintiff Maison Kitsune, Inc. (the "Plaintiff") and third-party defendant Kitsune Creative S.A.S. (the "Third-Party Defendant") in the above-referenced matter.  Pursuant to Section 2(A) of Your Honor's Individual Practices, please accept this letter as a continuation of the request for an informal conference with the Court before the filing of a motion to dismiss defendant Vinod Kasturi's (the "Defendant") Third-Party Complaint (D.E. No. 14) as to Third-Party Defendant. This letter is being submitted for the limited purpose of bringing some material factual inaccuracies stated by Defendant to the attention to the Court and also to confirm, in advance of what was otherwise <u>this</u> <u>Friday's</u> deadline for making the motion discussed herein, that this request has "stay[ed] the deadline" for Third-Party Defendant "to move or answer[]" in accordance with 2(A) of Your Honor's Individual Practices.

With regard to the material factual inaccuracies stated by Defendant within his pre-motion conference letter (D.E. No. 32), it is simply not the case that Third-Party Defendant has ownership of its U.S. affiliates, including Plaintiff.  Rather, Third-Party Defendant owns non-party Kitsune France which, in turn owns Plaintiff. Relatedly, Defendant inaccurately states that Plaintiff's website designates Third-Party Defendant (Paris Trade and Companies registration no. 538 017 187) as having control over Plaintiff's website when it quite conspicuously identifies non-party Kitsune France (Paris Trade and Companies registration no. 442 154 456) alone as having such control (D.E. No. 32).  These mischaracterizations matter, as it appears that Defendant is doing little more than trying to create confusion in the mind of the Court as to the various entities in order to try to defeat both the fully briefed and anticipated motions, just as his French counsel has endeavored to do in the matter pending in the Commercial Court of Paris. <u>See</u>, <u>D.E</u>. No. 20-5 at p. 13.

It is also worth noting in advance of the Court's scheduling of any pre-motion conference that Third-Party Defendant is not seeking "leave to file a virtually identical motion to that already filed by its same counsel" on behalf of Plaintiff. Rather, it is Plaintiff's understanding that Your Honor's Individual Practices require such a pre-motion conference request before making a motion to dismiss.  Defendant is acutely aware of this, as it was Defendant who sought to make an issue out of the fact that Plaintiff did not make such a request (for reasons previously explained) before making its now-fully briefed motion. D.E. Nos. 21-23.  Third-Party Defendant is wholly entitled to make its own motion under without leave at this time[1] and intends to, but does not wish to run afoul of the Court's Individual Practices.  And Third-Party Defendant's own motion is necessary, despite Defendant's protestations, as Third-Party Defendant is a separate and distinct legal entity from Plaintiff and has, in addition to appreciably similar arguments, a rather strong argument that it can/will make based upon lack of personal jurisdiction. Third-Party Defendant's argument on personal jurisdiction, which it respectfully reserves for a formal motion, is not a mere "afterthought" as Defendant seeks to characterize it, but rather well-supported in the case law based on the circumstances surrounding Third-Party Defendant's purported tie to this matter.

Finally, it is respectfully requested that the Court confirm, pursuant to Your Honor's Individual Practices, that the time move or answer is stayed until after any pre-motion conference or any such time that the Court now designates if it is decided that a pre-motion conference is not necessary at this time.

Thank you in advance for your consideration of this letter and the issues raised therein.

Respectfully Submitted,

/s/ Paul S. Haberman

_____
Paul S. Haberman

CC:    All Counsel (VIA ECF)

---

[1] Pursuant to Rule 12(b)(2), as well as the case law employed in Plaintiff's fully briefed motion.