# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MAISON KITSUNE, INC.,

                Plaintiff,

        v.

VINOD KASTURI,

                Defendant.
----------------------------------------------------------------x

VINOD KASTURI,

                Counterclaimant and
                Third-Party Plaintiff,

        v.

MAISON KITSUNE, INC. and KITSUNE
CREATIVE SAS,

                Counterclaim and
                Third-Party Defendants.

----------------------------------------------------------------x

Docket No. 24-cv-04431 (ALC)(RFT)

**<u>DECLARATION OF RAPHAEL
GRAND</u>**

**Raphaël Grand** being duly sworn, hereby declares as follows under penalties of perjury under the laws of the United States pursuant to 18 U.S.C.§ 1746:

1. I am Deputy Managing Director and Chief Financial Officer of Kitsune Creative S.A.S., the company named as a third-party defendant in this matter.

2. I have firsthand knowledge of the facts discussed herein as a result of my position within Kitsune Creative S.A.S. at the present time, and at all times relevant to the claims made in this matter.

3. This Affidavit is submitted in support of third-party defendant Kitsune Creative S.A.S.'s motion for an Order pursuant to the inherent power of the Court, dismissing

1

or staying defendant/third-party plaintiff Vinod Kasturi's third-party claims against Kitsune Creative S.A.S. based on the pendency of a related prior pending proceeding in the Commercial Court of Paris; and (3) for such other and further relief as this Court deems just and proper.

4.  Kitsune Creative S.A.S.'s counsel informs me that Mr. Kasturi's attorneys have stated, in earlier court papers, that the proceeding initiated in the Commercial Court of Paris was undertaken solely as a preemptive measure and thus should not be considered a "prior pending action" by this Court for the purposes of this motion, or an earlier motion that I understand was filed by Maison Kitsune, Inc.

5.  While I understand that Mr. Kasturi's claim may be convenient for his purposes in the proceeding pending in this Court, the reality is quite different.

6.  Kitsune Creative S.A.S. is a company organized under the laws of France under no. SIRET 538 017 187 with the registry of commerce and companies of Paris (France).

7.  Kitsune Creative S.A.S., as issuer of securities, is governed by French securities laws and falls under the supervision of the French's *Autorité des Marchés Financiers.*

8.  All the holders of equity interests in Kitsune Creative S.A.S., with respect to any disputes arising out the interpretation or enforcement of the underlying securities, are bound by corporate legal documentation subjecting any such disputes to French law and to the exclusive jurisdiction of French courts.

9.  More specifically, any claims of shareholders of Kitsune Creative S.A.S. against Kitsune Creative S.A.S. with regards to the underlying securities must be submitted to the Commercial Court of Paris in France. I attach in Exhibit A a true and correct

2

copy of article 20 styled "Applicable law – Dispute Resolution" of the shareholders' agreement of Kitsune Creative S.A.S. of October 19, 2016.

10. Any issuance, divestiture or reallocation of securities of Kitsune Creative S.A.S. also require the consent of its shareholders to approve any such issuance under the laws of France.

11. Kitsune Creative S.AS. is not a party to the employment agreement between Mr. Kasturi and Maison Kitsune, Inc.

12. Maison Kitsune, Inc. is a separate and distinct corporate entity.

13. Mr. Kasturi did not sign any written agreement with Kitsune Creative S.A.S. for the issuance of securities of Kitsune Creative S.A.S. Like all other agreements for the issuance of securities of Kitsune Creative S.A.S. that I am aware of, if it had been issued, such an agreement would have been governed by French law and would have included an exclusive choice of forum provision designating the Commercial Court of Paris in France as the sole court to know of any disputes raised by Mr. Kasturi.

14. As it pertains to the equity claims of Mr. Kasturi in the matter before this Court, the prior approval of Kitsune Creative S.A.S.' shareholders would have been required to issue an equity interest of Kitsune Creative S.A.S. to Mr. Kasturi.

15. The shareholders of Kitsune Creative S.A.S. were never called to vote to issue any securities to Mr. Kasturi.

16. Kitsune Creative S.A.S and its shareholders never approved, consented or ratified any issuance of securities to Mr. Kasturi.

17. The rules related to a vote of the shareholders on the issuance of securities is a matter governed exclusively by French corporate law.

3

18. Based on the foregoing, the Commercial Court of Paris appears to be the most adequate forum to rule on the critical issue for Kistune Creative SAS and its shareholders as to whether any securities of a French entity organized under the laws of France should be issued by to Mr. Kasturi.  The application and knowledge of French corporate law and French securities law, the existence of binding legal documentation with a French choice of forum selection, the presence in France of most witnesses of Kitsune Creative S.A.S. with first-hand knowledge of this matter make the Commercial Court of Paris the most adequate forum for Kitsuné Creative S.A.S.

19. Conversely, it would be extremely inconvenient, burdensome and prejudicial for Kitsune Creative S.A.S. and its shareholders to litigate in the U.S an outlandish claim asserted by a disgruntled former employee of its U.S. subsidiary.

20. If Mr. Kasturi claims that he should be made a stockholder of a French company, he should behave like one and accept, as all the other stockholders of Kitsune Creative S.A.S. do, the duties and responsibilities of a shareholder, including accepting the exclusive jurisdiction of the Commercial Court of Paris.

21.  When they learned that a former employee of a US subsidiary accused of civil conversion and other acts of malfeasance with no contractual relationship with Kitsune Creative S.A.S. threatened legal action in the United States seeking the issuance of an equity interest of Kitsune Creative S.A.S. rather than in France where such disputes are litigated by the biding legal documentation, the main shareholders of Kitsune Creative S.A.S. came to the conclusion that an action needed to be

presented before the most adequate forum to rule on the issuance of French securities of a French entity: the Commercial Court of Paris.

22. To that point, the primary relief sought in the Commercial Court of Paris is a declaratory judgement seeking a judicial finding that: (1) there is no contract between Mr. Kasturi and Kitsune Creative S.A.S. relating to an incentive plan in Kitsune Creative S.A.S. capital for the benefit of Mr. Kasturi; and (2) there was no promise made between Mr. Kasturi and Kitsune Creative S.A.S. relating to an incentive plan in Kitsune Creative S.A.S.'s capital for the benefit of Mr. Kasturi. Exh. A. at p. 44.

23. The matter filed in the Commercial Court of Paris was filed about three (3) months before the claims that are now before this Court.  As a result, it was unquestionably filed first.

24. It stands to emphasize that the matter pending in New York was initially commenced by Maison Kitsune, Inc., a U.S. entity, against its former employee, Mr. Kasturi, for misappropriation of assets and civil conversion after he was terminated for cause by Maison Kitsune, Inc. in the U.S.

25. Mr. Kasturi's mismanagement of the corporate finances of Maison Kitsune, Inc. has little to do with his claim to an entitlement to equity of a Kitsune Creative S.A.S. The entities themselves may be related in a corporate way, but the claims are not.

26. In the event that this Court denies Kitsune Creative S.A.S.'s motion, I am prepared the state the exact same facts I state herein under oath in any deposition that may be required in this case.  It is my hope, however, that my providing of the relevant context for the Court's consideration will render such testimony unnecessary.

[SIGNATURE PAGE FOLLOWS]

5

*Raphaël GRAND*

✓ Certified by 〃 yousign

Dated: April 4, 2025

_____

Raphaël Grand

[Signature page – Declaration of Raphael Grant]

# EXHIBIT A

# SHAREHOLDERS AGREEMENT

19 October 2016

**Mr. Gildas Loaëc**

**Mr. Masaya Kuroki**

**Mrs. Audrey Castel Oster**

as Founders

**STRIPE INTERNATIONAL INC.**

as Investor

**In the presence of:**

**Kitsuné Creative SAS**



En accord avec les parties, les présentes ont été reliées par le procédé ASSEMBLACT R.C. empêchant toute substitution ou addition et sont seulement signées à la dernière page¤

## TABLE OF CONTENTS

1    DEFINITIONS ..................................................................................................4

2    ORGANISATION OF THE COMPANY ..........................................................7

3    INFORMATION RIGHTS ...............................................................................9

4    GENERAL PRINCIPLES................................................................................10

5    LOCKUP PERIOD...........................................................................................12

6    PROVISIONS FOR ANY TRANSFER OF SECURITIES OTHER THAN A FREE
     TRANSFER......................................................................................................12

7    PRE-EMPTION RIGHT ...................................................................................15

8    TAG-ALONG RIGHT.......................................................................................15

9    DRAG-ALONG RIGHT....................................................................................16

10   COOPERATION OF THE PARTIES IN THE CASE OF AN EXIT OF THE INVESTOR .........17

11   ANTI DILUTION PROVISIONS.......................................................................17

12   DEPARTURE OF THE KEY PERSONS .........................................................17

13   ACCESSION ....................................................................................................18

14   NOTICES ..........................................................................................................19

15   CONFIDENTIALITY .........................................................................................19

16   TERM ................................................................................................................19

17   INTERPRETATION AND ENFORCEMENT OF THE AGREEMENT ..............19

18   UNITY OF THE AGREEMENT ........................................................................20

19   BENEFIT OF THE PROVISIONS OF THE AGREEMENT ..............................20

20   APPLICABLE LAW – DISPUTE RESOLUTION .............................................21

without the need to effect notification as set in section 877 of the French Civil Code (*Code civil*), to which each Party hereby waives their rights on their behalf.

19.2    Notwithstanding any provision to the contrary in the Agreement, the fact that one Party does not enforce, or enforces with delay, one of his/her/its rights under the Agreement shall not imply a renunciation of that Party to exercise such right (to the extent that the conditions of its exercise are fulfilled) or to exercise any other rights under the Agreement.

19.3    Unless otherwise provided for herein, the obligations provided for by the Agreement are undertaken by the Parties individually and not severally (*conjointement et non solidairement*).

19.4    Neither Party may assign, directly or indirectly, by any means whatsoever, the benefit of any provision of the Agreement without the prior written consent of the other Parties, unless such assignment is made in accordance with the Agreement.

## 20    APPLICABLE LAW – DISPUTE RESOLUTION

The Agreement shall be governed by French law and any dispute relating to its validity, its interpretation or its application shall fall within the exclusive jurisdiction of the Commercial Courts (*Tribunal de Commerce*) of Paris.

Executed in Paris

On October the 19th, 2016

In five (5) original copies

**[SIGNATURES ON THE LAST PAGE]**