**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MAISON KITSUNE, INC.,

               Plaintiff,

    -against-

VINOD KASTURI,

               Defendant.

VINOD KASTURI,

               Counterclaimant and
               Third-Party Plaintiff,

    -against-

MAISON KITSUNE, INC, and KITSUNE
CREATIVE SAS,

               Counterclaim and Third-
               Party Defendants.

Case No. 1:24-cv-04431-ALC

### DECLARATION OF PHILIPPE ROUSSEAU IN OPPOSITION OF THIRD-PARTY DEFENDANT KITSUNE CREATIVE SAS'S MOTION TO DISMISS THIRD-PARTY CLAIMS

1.     I am a member of the Paris Bar. I am a partner of Foley Hoag Paris. In this capacity, I have personal knowledge of the facts stated below.

2.     I submit this Declaration in opposition to Kitsune Parent's[1] Motion to Dismiss the Third-Party Claims, and in response to the Declaration of Mr. Raphael Grand, the Deputy Managing Director and Chief Financial Officer of Kitsune Parent, submitted by Kitsune Parent.

---

[1] Unless otherwise stated, all capitalized terms have the same meaning as they do in Kasturi's Opposition to Kitsune America's Motion to Dismiss (ECF #25).

3.      As a preliminary matter, I was surprised to see that Mr. Grand, a non-lawyer, had submitted a lengthy legal opinion regarding the scope of jurisdiction of the French courts when he has no qualifications to draft same.

4.      It is no surprise, then, that Mr. Grand's declaration contains errors and/or omissions regarding both the status and nature of the proceedings before the Commercial Court of Paris.

5.      On December 18, 2024, I filed written pleadings on behalf of Kasturi where I requested that the Commercial Court of Paris declare itself incompetent and the improper venue for the resolution of Kasturi's entitlement to damages relating to the equity grant in Kitsune Parent that was supposed to issue in connection with his former employment.

6.      Mr. Grand's declaration notably omits that the Commercial Court of Paris has agreed to address the questions of competence and jurisdiction raised in my December 18, 2024 pleadings *before* moving on to the merits of Kitsune Parent's claims, a step the Commercial Court of Paris was not required to take.  Rather, the Commercial Court of Paris could have refused to hear the issues of jurisdiction on an accelerated basis prior to the adjudication of the merits of the dispute and decided all issues at once.

7.      On March 12, 2025, the Commercial Court of Paris appointed a "juge rapporteur", *i.e.* a judge in charge of reviewing the file on the basis of the parties' written pleadings and exhibits, to address the jurisdiction and competence issues.  My request that the Commercial Court of Paris declare itself incompetent should, therefore, have been pleaded in front of the juge rapporteur three weeks after their appointment.

8.      Instead of filing its response in that timeframe, Kitsune Parent has made multiple adjournment requests, including, most recently, during the case management hearing held on April 8, 2025, to obtain additional time to prepare the filing of their responsive written pleadings.

2

9.    Two things are clear from this procedural posture:

(i)    contrary to Mr. Grand's declaration, the Commercial Court of Paris has not decided that it has jurisdiction to hear issues relating to Kasturi's entitlement to the equity grant from Kitsune Parent and, indeed, the issue is far from a matter of settled French corporate law as Mr. Grand avers. That much is tacitly admitted by Kitsune Parent, as the complaint to appear before the Commercial Court of Paris served upon Kasturi, which states the basis for jurisdiction, does not assert that the Commercial Court of Paris has jurisdiction over the French Action due to shareholder rights being at stake. A true and correct copy of the complaint is attached hereto as Exhibit A. In that respect Mr. Grand appears to be making a different jurisdictional argument before this Court than his company's lawyers in France have asserted; and

(ii)    Kitsune Parent is either struggling to respond to Kasturi's latest pleadings regarding the Commercial Court of Paris's lack of jurisdiction to handle its claims, or it is deliberately seeking to delay the rendering of a judgment by the Paris Commercial Court.

10.    In any event, it is inconsistent for Kitsune Parent to be actively in the process of responding to Kasturi's jurisdictional challenge in the French Action, while simultaneously representing to this Court that the Commercial Court of Paris's jurisdiction is indisputable.

11.    Mr. Grand also misstates the substance of the claims at issue in the French Action, where Kitsune Parent filed a claim seeking a declaration that Kasturi was not previously promised an equity grant as a term of his now concluded employment. Of course, Kasturi is not seeking

equity in Kitsune Parent, but is instead seeking monetary compensation for the losses resulting from the non-fulfillment of the promises made to him on several occasions by Kitsune Parent and Kitsune America. Thus, even if shareholder disputes are governed by the Commercial Court of Paris, that is not a basis for this action being adjudicated by same – Kasturi is not a shareholder, nor is he trying to become one. Rather, Kitsune Parent has filed a claim asking the Commercial Court of Paris to issue a declaration that Kitsune Parent is not obligated to pay Kasturi money damages. In other words, Kitsune Parent is asking the Commercial Court of Paris to preemptively adjudicate, in its favor, that the damage claims Kasturi filed before this Court lack merit.

12.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May __ 2025
       Paris, France

PHILIPPE ROUSSEAU

4