UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MAISON KITSUNE, INC.,

                Plaintiff,

                v.

VINOD KASTURI,
                Defendant.
------------------------------------------------------------------x

VINOD KASTURI,

                Counterclaimant and
                Third-Party Plaintiff,

                v.

MAISON KITSUNE, INC. and KITSUNE
CREATIVE SAS,

                Counterclaim and
                Third-Party Defendants.

------------------------------------------------------------------x

Docket No. 24-cv-04431 (ALC)

**DECLARATION OF**
**<u>ALEXANDRE MEYNIEL</u>**

I, Alexandre Meyniel, Member of the Paris Bar, make this declaration in support of third-party

defendant Kitsune Creative S.A.S.'s motion for an Order dismissing or staying defendant/third-

party plaintiff Vinod Kasturi's third-party claims against Kitsune Creative S.A.S. based on the

pendency of a related prior pending proceeding in the Commercial Court of Paris, and for such

other and further relief as this Court deems just and proper.

      1.      I understand from counsel that Philippe Rousseau filed a declaration in support

of Defendant's opposition (the "**Rousseau Declaration**").

      2.      There are several assertions made in the Rousseau Declaration that are either

incorrect or misleading.  For ease of reference, I will refer to the paragraph numbers where these

assertions have been made and provide the necessary rectifications.

      3.      **At paragraph 6**, the Rousseau Declaration states that:

"Mr. Grand's declaration notably omits that the Commercial Court of Paris has agreed to address the questions of competence and jurisdiction raised in my December 18, 2024 pleadings *before* moving on to the merits of Kitsuné Parent's claims, a step the Commercial Court of Paris was not required to take. Rather, the Commercial Court of Paris could have refused to hear the issues of jurisdiction on an accelerated basis prior to the adjudication of the merits of the dispute and decided all issues at once."

4.      This is both incorrect and misleading.

5.      First, this is incorrect because the Commercial Court "has [not] agreed" to anything with respect to the manner in which Defendant's jurisdictional objections would be administered. And the Commercial Court has not issued a single decision or procedural order to that end. The only reason why the adjudication of the jurisdictional objections have been bifurcated is because (i) Defendant only submitted jurisdictional objections in his December 18, 2024 submissions (without raising any defenses on the merits of Kitsuné Creative's substantive claims), and (ii) Kitsuné Creative did not request for the proceedings to move forward on both the jurisdictional objections and substantive claims—thereby accepting that the jurisdictional objections be heard first.

6.      It has therefore little to do with the Commercial Court's views on the case or the intrinsic merits of the objections or the claims. It has, however, all to do with the fact that Kitsuné Creative indeed agreed that it would be a better administration of justice (and allocation of resources for both parties) if the jurisdictional objections were adjudicated first. There is no point in forcing upon Defendant a fully fleshed out discussion on the merits if, ultimately, the Commercial Court declined to exercise jurisdiction over Kitsuné Creative's claims.

7.      It is therefore wrong to assert that "the Commercial Court has agreed to address the questions of competence and jurisdiction **before**" because the Commercial Court was never posed with such a question in the first place.

8.      It is also therefore wrong to assert that the "Commercial Court could have refused to hear the issues of jurisdiction on an accelerated basis prior to the adjudication of the merits of the dispute and decided all issues at once" because, again, the Commercial Court was

never posed with such a question.

9.      In both instances, it would have implicated a request from Kitsuné Creative disputing Defendant's chosen procedural conduct (i.e. to only file jurisdictional objections and no defenses on the merits).

10.     It is also incorrect to state that the Commercial Court has agreed to "hear the issues on an accelerated basis prior to the adjudication on the merits."

11.     The procedure pending before the Commercial is not an accelerated procedure on the merits as governed pursuant to Article 858 of the French Code of Civil Procedure which provides for accelerated procedures in cases of urgency.

12.     Second, the Rousseau Declaration is also misleading because it attempts to infer that the Commercial Court would have, following a preliminary or *prima facie* review of the jurisdictional objections and opposition papers, been satisfied with the merits of the jurisdictional objections so as to grant a bifurcation of the proceedings and an early adjudication of said objections.

13.     Yet, for the same reasons as those articulated above:

- Kistuné Creative never requested that the case be adjudicated both on the jurisdictional objections and the merits; and

- The Commercial Court was never posed with the question of whether the proceedings should be bifurcated between jurisdiction and merits; and

- The Commercial Court therefore never rendered any decision on whether the proceedings should be bifurcated between jurisdiction and merits.

14.     **At paragraph 9**, the Rousseau Declaration makes the following assertions:

"Two things are clear from this procedural posture:

(i)    Contrary to Mr. Grand's declaration, the Commercial Court of

Paris has not decided that it has jurisdiction to hear issues relating to Kasturi's entitlement to the equity grant from Kitsuné Parent and, indeed, the issue is far from a matter of settled French corporate law as Mr. Grand avers. That much is tacitly admitted by Kitsuné Parent, as the complaint to appear before the Commercial Court of Paris served upon Kasturi, which states the basis for jurisdiction, does not assert that the Commercial Court of Paris has jurisdiction over the French Action due to shareholder rights being at stake. A true and correct copy of the complaint is attached hereto as Exhibit A. In that respect Mr. grand appears to be making a different jurisdictional argument before this Court than his company's lawyers in France have asserted; and

(ii)    Kitsune Parent is either struggling to respond to Kasturi's latest pleadings regarding the Commercial Court of Paris's lack of jurisdiction to handle its claims, or it is deliberately seeking to delay the rendering of a judgment by the Paris Commercial Court."

15.    First, the statement made in item (i) is misleading because it attempts to portray Grand's assessment that all shareholder disputes should be adjudicated before the Commercial Court of Paris as per the terms of the shareholders' agreement as a recognition that Kitsuné Creative could not truly believe that the Paris Commercial Court had jurisdiction over its claims for, if not, it would have relied on the jurisdiction clause stipulated in the shareholders' agreement.

16.    There is no contradiction between Grand's declaration and the position articulated by Kitsuné Creative in the French Complaint.

17.    Grand's view is that, if Defendant truly believed that he held an equity interest in Kitsuné Creative, then he should agree to the jurisdiction of the Paris Commercial Court, as per the terms of the shareholders' agreement.  The reasoning is straightforward: if Mr. Kasturi had indeed been granted an equity interest in Kitsuné Creative, then any disputes arising out of that equity interest should have been adjudicated by the Paris Commercial Court, as provided for in the shareholders' agreement.

18.    Kitsuné Creative's position in the French Complaint is predicated on the fact that Mr. Kasturi is not a shareholder or equity interest holder.  Indeed, the very premise of the Kitsuné Creative's action and the declaratory relief sought is precisely that Defendant is not a

shareholder or an equity interest holder of any sort.  Indeed, it would have been contradictory for Kitsune Creative to avail itself of the choice-of-forum clause in the shareholders' agreement to institute proceedings against Defendant while at the same seeking a declaratory judgment that it had never granted any share interest in its company—and could therefore not be a shareholder or an equity interest holder.

19.    Second, the statement made in item (ii) is incorrect because Kitsuné Creative is not "struggling" to respond to Defendant's latest pleadings or that it is seeking to delay the rendering of a judgment by the Paris Commercial Court.

20.    As it stands, the procedural history of the proceeding pending before the Paris Commercial Court is the following:

- On June 3, 2024, Kitsuné Creative served on Defendant a complaint before the Paris Commercial Court.  The French Complaint enjoined Defendant to appear before the Court for a first hearing set on October 24, 2024.

- On October 24, 2024, Foley Hoag (represented by Rousseau) entered representation on behalf of Defendant.  At that hearing, Defendant did not submit any jurisdictional objectional and requested a postponement of the case.

- On December 18, 2024, Defendant filed its jurisdictional objections. At that procedural hearing, the court invited Kitsuné Creative to reply by February 12, 2025.

- On February 12, 2025, Kitsuné Creative filed its answer on the jurisdictional objections.  At that hearing, the Court then postponed the case to March 12, 2025 where a "*juge rapporteur*" would be appointed, i.e. a judge which would be allocated the case and would rule upon the

jurisdictional objections.

- On March 12, 2025, on information and belief, this *juge rapporteur* was never appointed because Kitsuné Creative requested a postponement of the case to submit additional submissions. Indeed, what Rousseau omits to declare is that on March 11, 2025, on the eve of the procedural hearing, Defendant filed a reply in support of its jurisdictional objections, leaving therefore no other option for Kitsuné Creative than to seek an extension of time to assess the content of the additional submissions and prepare a potential response. The Court granted the extension and the case was set for a hearing on April 11, 2025.

- On April 11, 2025, Kitsuné Creative sought another extension because it was awaiting a legal opinion by a French Law Professor.

- On May 21, 2025, Kitsuné Creative filed its latest submissions in opposition to the jurisdictional objections. Kitsuné Creative however received the Legal Opinion from Professor Sandrine Clavel on May 22, 2025 and was not able to include the relevant portions in its May 21 reply. The Legal Opinion will be submitted at the latest on May 28, 2025. In its Legal Opinion, Professor Clavel concludes that, in the event that the Commercial Court does not find that it would have jurisdiction under Article 46 of the French Code of Civil Procedure (primary ground of jurisdiction), then it would unquestionably have jurisdiction pursuant to Article 14 of the Civil Code (secondary and alternative ground for jurisdiction).

21.    It follows from the above that Kitsuné Creative was not "struggling" to respond to Defendant's unfounded jurisdictional objections. It however took the time to secure a Legal

Opinion from a learned private international law scholar on the issue of the Paris Commercial Court's jurisdiction.

22.    For the sake of completeness, it is also worth indicating that the Paris Commercial Court has set a hearing to determine the jurisdictional objections on July 9, 2025 before the Judge Fabiene Lederer.  A decision should be issued shortly thereafter.  Generally, decisions are rendered within a month of the hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am physically located outside the geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands, and any territory or insular possession subject to the jurisdiction of the United States.

Made in Paris, this 23rd day of May 2025

_____

  Alexandre Meyniel