UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MAISON KITSUNE, INC.,

        Plaintiff,

        v.

VINOD KASTURI,
        Defendant.
-----------------------------------------------------------------x

VINOD KASTURI,

        Counterclaimant and
        Third-Party Plaintiff,

        v.

MAISON KITSUNE, INC. and KITSUNE
CREATIVE SAS,

        Counterclaim and
        Third-Party Defendants.

-----------------------------------------------------------------x

Docket No. 24-cv-04431 (ALC)(RFT)

**DECLARATION OF**
**<u>GILDAS LOAEC</u>**

**Gildas Loaec** being duly sworn, hereby declares as follows under penalties of perjury

under the laws of the United States pursuant to 18 U.S.C.§ 1746:

1. I am Vice-President and Sole director of Maison Kitsune, Inc., the company named as

   plaintiff and counterclaim-defendant in this matter.

2. I have firsthand knowledge of the facts discussed herein as a result of my position

   within Maison Kitsune, Inc and Kitsune Creative S.A.S. at the present time, and at all

   times relevant to the claims made in this matter.

3. This Affidavit is submitted in support of third-party defendant Kitsune Creative

   S.A.S.'s motion for an Order dismissing or staying defendant/third-party plaintiff

1

Vinod Kasturi's third-party claims against Kitsune Creative S.A.S. based on the pendency of a related prior pending proceeding in the Commercial Court of Paris, and for such other and further relief as this Court deems just and proper.

4. I understand from counsel that Mr. Kasturi's attorneys have stated, in their opposition papers, that:

    a.    Kitsune Creative SAS would be the parent company of Maison Kitsune, Inc. (See Kasturi Declaration, ¶2);

    b.    Audrey Castel Oster would be the Managing Director of Kitsune Creative SAS (*Id.*, ¶5);

    c.    the employment agreement proposed in 2016 to Mr. Kasturi would specifically identify "*Kitsune Parent (attn: Oster) as the notice party on behalf of the employer*" (*Id.*, ¶10);

    d.    Kitsune Creative SAS would be involved in the day-to-day operations of Maison Kistune, Inc. (*Id.*, ¶¶12-16).

5. All of Defendant Kasturi's statements are incorrect, which is quite frankly puzzling for someone who has spent 8 years in our organization.

6. Contrary to Mr. Kasturi's statements:

    a.    Kitsune Creative SAS is **not** the parent company of Maison Kitsune, Inc. Kitsune Creative SAS is a holding entity which does not conduct any operational business. Kitsune Creative SAS is the parent company of Kitsune France SAS which, in turn, is the parent company of plaintiff and counterclaim-defendant Maison Kitsune, Inc.

2

b.  Audrey Castel Oster is **not** legally registered in the "Registre du Commerce et des Sociétés" as the "Directrice Générale" (Managing Director) of Kitsune Creative, SAS and, at all relevant times, never was.  Rather Ms. Oster was registered "Directrice Générale" of Kitsune France, S.A.S., between February 2020 and June 2023, and always acted under my supervision and control, as I am an officer of Maison Kitsune, Inc.

c.  The draft of the employment agreement of 2016 that Mr. Kasturi produced in Exhibit C of his declaration does **not** state in its article 13.4 that Kitsune Creative SAS is the notify party. The document states "Audrey Castel Oster **Kitsune France**," and not Kitsune Creative SAS.

d.  It is worth noting that Mr. Kasturi **omits** to state in his declaration to the Court the following relevant piece of information: the name "Gildas Loaec" appears as Vice-President of Maison Kitsune, Inc. in the signature page of the draft employment agreement.

e.  As C.E.O. of Maison Kitsune, Inc., Mr. Kasturi reported to me as Vice-President and Sole Director of Maison Kitsune Inc. And quite logically and naturally, as part of a group which is based in France and which designs and products in France, Mr. Kasturi was in regular contact with Audrey Castel Oster, and other members of the Kitsune organization.

7.  Finally and interestingly, Mr. Kasturi also alleges in his declaration that "*Kitsune Parent also guaranteed to the lease for the Los Angeles-based Kitsune America storefront*." (Kasturi Decl, See Id., ¶17). However, no one from Kitsune Creative

SAS, or from Kitsune France SAS signed a guarantee of the lease obligations for the Los Angeles storefront.

[SIGNATURE PAGE FOLLOWS]

Dated: May ___, 2025

*Gildas LOAËC*

✓ Certified by ⁄⁄ **yousign**

_____

Gildas Loaec

[Signature page – Declaration of Gildas Loaec]